[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION #123
This matter comes to the court, postjudgment, on plaintiff's Motion for Determination of Arrearages and Contempt (docket entry #123) CT Page 2938-c
The plaintiff was represented by counsel and the defendant appeared pro se.[1] A hearing was held and the parties were directed to file briefs.
The following facts were proven by credible evidence.
 1. The parties were divorced on May 19, 1997 and their negotiated Separation Agreement was incorporated into the judgment by reference.
2. Article 2.3 of the Separation Agreement said:
 "Business Debt. The Husband and Wife recognize that they are jointly and severally liable on an obligation to Georgette Y. Brown which obligation is or was secured on Georgette Y. Brown's real property located in Danbury, CT Page 2938-d Connecticut. This borrowing was for Brown Brown business obligations, a jointly-owned business as a family sole proprietorship and spousal legal Partnership. The Husband shall pay the sum of $65,000.00 to Georgette Y. Brown, in the sum of $698.56 per month (sic) with interest in accord with the attached amortization table identified as Schedule D. If the husband receives a contingency fee in a case where he is representing partie(s) (sic) in a law suit, insurance claim or workers' compensation claim, or other claim for which a contingency fee or other fee is paid and the fee received exceeds $50,000.00, the Husband shall pay one third of the excess amount (in excess of $50,000.00) of said fee to Georgette Y. Brown against the principal due and adjust the amortization schedule and monthly payment." CT Page 2938-e
 3. The parties agree that the sum of $13,973.40 is owed by the defendant and was not paid by the defendant as of October 28, 1999 pursuant to the terms of the Separation Agreement.
 4. As of October 28, 1999 the plaintiff had paid the sum $31,800.00 to Georgette Y. Brown on the outstanding debt referred to in 2.3 of the Separation Agreement.
 5. The defendant had the capacity to earn and pay this obligation as revealed in his testimony.
 6. The defendant's failure to pay according to the terms of the Separation Agreement was wilful.
It is noted that the plaintiff submitted a brief in support of CT Page 2938-f her position. The defendant was directed to submit his brief on or before November 12, 1999. After it was noted that the defendant had not complied with the submission order he was contacted on two separate occasions and offered a further opportunity to make his submission. As of the date of this Memorandum, the defendant has not provided a brief.
 FINDINGS AND ORDERS 1. As of October 28, 1999 the arrearage due and recoverable is $13,073.40.
 2. Defendant is found in wilful contempt of the order for those sums.
3. A capias is ordered with a cash bond of $13,000.00. CT Page 2938-g
 4. The issuance of the capias is stayed thirty (30) days during which time the defendant may purge the contempt by payment of $13,073.40.
 5. Having been provided with no evidence on the issue of attorney's fees, none are awarded.
BRENNAN, J.